1 **DLA PIPER LLP (US)**
GINA DURHAM, SBN 295910
2 gina.durham@dlapiper.com
MANDY CHAN, SBN 305602
3 gandy.chan@dlapiper.com
555 Mission Street, Suite 2400
4 San Francisco, CA 94105-2933
Telephone: 415.836.2500
5 Facsimile: 415.836.2501

6 Attorneys for Plaintiff
Immunomedics, Inc.

FILED

DEC 0 5 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8 UNITED STATES DISTRICT COURT

9 NORTHERN DISTRICT OF CALIFORNIA

10 _____ DIVISION

12 IMMUNOMEDICS, INC.,

13 Plaintiff,

14 v. CV 17

15 ROGER WILLIAMS MEDICAL
CENTER, RICHARD P. JUNGHANS,
16 M.D., Ph.D., STEVEN C. KATZ, M.D.

17 Defendants.

[Action pending in the District of New Jersey,
Case No. 2:15cv04526-JLL-SCM]

MISCELLANEOUS ACTION

No. ~~80150 MISC~~ EDL

**PLAINTIFF IMMUNOMEDICS, INC.'S
NOTICE OF MOTION AND MOTION TO
ENFORCE SUBPOENAS SERVED ON
PAUL HASTINGS LLP; MEMORANDUM
OF POINTS AND AUTHORITIES IN
SUPPORT**

DATE: To Be Set
TIME: To Be Set
COURTROOM: To Be Determined
JUDGE: To Be Determined

DLA PIPER LLP (US)
SAN FRANCISCO

EAST\149074564.4    PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL; MEMO OF POINTS
AND AUTHORITIES IN SUPPORT

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................. 1

II. FACTUAL BACKGROUND ............................................................................... 2

    A. Background of New Jersey Action. ........................................................... 2

    B. The Discovery at Issue .............................................................................. 5

III. ARGUMENT ........................................................................................................ 7

    A. This Court Should Transfer this Motion to the District of New Jersey Pursuant to FRCP 45(f). ............................................................................ 7

    B. In the Event this Court Does Not Transfer this Motion, it Should Order Compliance by Paul Hastings with the Subpoenas. ........................ 9

        1. Paul Hastings Should be Ordered to Produce Non-Privileged Documents Responsive to Immunomedics' Documents Subpoena. ............ 9

        2. Paul Hastings Should Identify and Produce an Appropriate Designee for Deposition. ................................................................................ 14

IV. CONCLUSION .................................................................................................. 14

# TABLE OF AUTHORITIES

Page

**CASES**

*Am. Broad. Cos., Inc. v. Aereo, Inc.*,
  No. CV-12-80300-RMW, 2013 WL 1508894 (N.D. Cal. Apr. 10, 2013) .................. 14

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
  966 F.2d 470 (9th Cir.1992) ............................................................. 13

*Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*,
  408 F.3d 1142 (9th Cir. 2005) .......................................................... 12

*Del Campo v. Kennedy*,
  236 F.R.D. 454 (N.D. Cal. 2006) ......................................................... 9

*E4 Strategic Solutions, Inc. v. Pebble Ltd. P'Ship*,
  2015 WL 12746706 (C.D. Cal. Oct. 23, 2015) .............................................. 8

*Exxon Shipping Co. v. U.S. Dept. of Interior*,
  34 F.3d 774 (9th Cir. 1994) ............................................................. 9

*F.T.C. v. A± Fin. Ctr.*,
  2013 WL 6388539 (S.D. Ohio Dec. 6, 2013) ................................................ 9

*Gonzales v. Google, Inc.*,
  234 F.R.D. 674 (N. D. Cal. 2006) ............................................... 10, 12, 14

*Heat & Control, Inc. v. Hester Industries, Inc.*,
  785 F.2d 1017 (Fed. Cir. 1986) .......................................................... 9

*Judicial Watch, Inc. v. Valle Del Sol, Inc.*,
  307 F.R.D. 30 (D.D.C. 2014) ............................................................. 8

*LG Display Co., Ltd. v. Chi Mei Optroelectronics Corp.*,
  Civil No. 08cv2408-L (POR), 2009 WL 223585 (S.D. Cal. Jan. 28, 2009) ................... 14

*Micron Tech., Inc. v. Tessara, Inc.*,
  No. C06-80093 MISC. JW (HRL), 2006 WL 1646132 (N.D. Cal. June 14,
  2006) ............................................................................. 12, 14

*Realtime Data, LLC v. MetroPCS Tex., LLC*,
  No. C 12-80130 LHK (PSG), 2012 WL 3727304 (N.D. Cal. Aug. 28, 2012) .................... 14

*Truswal Sys. Corp. v. Hydro-Air Engineering, Inc.*,
  813 F.2d 1206 (Fed. Cir. 1987) ......................................................... 10

## TABLE OF AUTHORITIES
(continued)

Page

*Walker v. Lakewood Condo. Owners Ass'n*,
  186 F.R.D. 584 (C.D. Cal. 1999) ................................................................. 12

*Wultz v Bank of China, Ltd*,
  304 F.R.D. 38 (D.D.C. 2014) ....................................................................... 9

*Youtoo Techs., LLC v. Twitter, Inc.*,
  2017 WL 431751 (N.D. Cal. Feb. 1, 2017) ................................................ 8

**OTHER AUTHORITIES**

Fed R. Civ. P. 26 ............................................................................................ 9, 13

Fed R. Civ. P. 26(b) ....................................................................................... 9, 12

Fed. R. Civ. P. 26(b)(1) ...................................................................................... 9

Fed R. Civ. P. 34 ................................................................................................. 9

Fed R. Civ. P. 45 ................................................................................................. 9

Fed R. Civ. P. 45(b)(1) ....................................................................................... 9

Fed R. Civ. P. 45(d)(2)(B)(i) .............................................................................. 1

Fed R. Civ. P. 45(f) ..................................................................................... 1, 2, 7

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on [date to be set], at [time to be set], at [division to be determined] in [courtroom to be determined] before the Honorable [judge to be determined], Plaintiff Immunomedics, Inc. ("Immunomedics"), pursuant to Rules 45(d)(2)(B)(i) and 45(f) of the Federal Rules of Civil Procedure, will move this Court for an Order transferring this motion to the Honorable Steven C. Mannion of the United States District Court for New Jersey, or, in the alternative, compelling non-party Paul Hastings LLP ("Paul Hastings") to conduct a reasonable search for and produce documents responsive to Immunomedics' October 20, 2017 subpoena for documents (served on October 23, 2017) (the "Documents Subpoena"), and to appear for deposition pursuant to a separate deposition subpoena, also dated October 20, 2017 and served on October 23, 2017 (the "Deposition Subpoena" and with the Documents Subpoena, the "Subpoenas"). This motion is based on this Notice of Motion and Motion and Memorandum of Points and Authorities in Support Thereof, other pleadings in support of the Motion, all pleadings on file in this matter, and upon such other matters as may be presented to the Court at the time of hearing or otherwise.

## I. INTRODUCTION

The Subpoenas were issued in connection with an action initiated by Immunomedics in the United States District Court for the District of New Jersey, styled *Immunomedics, Inc. v. Roger Williams Medical Center, et al.*, Case No. 2:15-cv-04526-JLL-SCM (D.N.J.) (the "Underlying Action"). Immunomedics alleges in the Underlying Action that the Defendants misappropriated Immunomedics' property by transferring it to two shell companies, which were purchased by Sorrento Therapeutics, Inc. ("Sorrento") and TNK Therapeutics, Inc. ("TNK") on the same day and for the same consideration—$100 in cash and $6,000,000 worth of shares of TNK Class A common stock. These transactions were purposefully structured to divide evenly Immunomedics' stolen property and cover up the theft, and the linchpin of the deal was TNK's agreement to indemnify the Defendants against any later claims brought by Immunomedics. Paul Hastings represented both Sorrento and TNK in connection with these suspect transactions, and helped orchestrate the scheme to steal Immunomedics' property by, among other things,

negotiating the critical indemnification clause that would protect Defendants from significant financial exposure.

Given Paul Hastings' integral role to these transactions, Immunomedics served the Subpoenas in order to obtain non-privileged documents and communications. These documents include (i) all external documents and communications (exempting attorney-client privileged communications solely between Paul Hastings and its clients), and (ii) all internal Paul Hastings communications discussing these transactions and their negotiation, including the indemnity agreements.

Paul Hastings served blanket objections to the Subpoenas, and the parties met and conferred on November 9, 2017. Paul Hastings agreed to search its document management system for responsive documents and to make a document production on or before November 21, 2017. But that never happened.

On November 16, 2017, Paul Hastings reneged on its earlier promise and instead served Immunomedics with a seven-page letter advising that it would not search for and produce any documents. The reasons stated in that letter are without merit, and plainly reflect dilatory litigation tactics. Notably, Paul Hastings is also Sorrento's litigation counsel in this matter, and Sorrento has indemnification obligations to a number of the Defendants in the Underlying Action. Given the circumstances, Immunomedics had no choice but to bring this motion to compel Paul Hastings to comply with the Subpoenas by producing all responsive documents, providing a log for any responsive documents withheld from production (aside from attorney-client privileged communications with its clients), and producing a witness for deposition forthwith. Under the circumstances, however, Immunomedics also requests that this Motion be transferred under Federal Rule of Civil Procedure 45(f) to the Honorable Steven C. Mannion of the United States District Court for New Jersey, who is addressing discovery issues that have arisen in this case and before whom Paul Hastings already has appeared.

## II. FACTUAL BACKGROUND

### A. Background of New Jersey Action.

Immunomedics is a biopharmaceutical company located in Morris Plains, New Jersey that

is focused primarily on the development of monoclonal antibody-based products for the targeted treatment of cancer, autoimmune diseases, and other serious diseases. (*See* Ex. 1, hereinafter Third Amended Complaint ("TAC") at ¶ 20). In 1993, 2008, and 2010, Immunomedics entered into Material Transfer Agreements ("MTAs") to protect its interest in anti-CEA, MN-14 research material (the "Research Material"). (*Id.* at ¶ 31). Roger Williams Medical Center ("RWMC") was a party to the 2008 and 2010 MTAs, and Richard P. Junghans, M.D., Ph.D. ("Dr. Junghans") was a party to and identified as the "Principal Investigator" listed in all three MTAs. (*Id.* at ¶¶ 32, 44, 53). The MTAs did not convey ownership interest in the Research Material to either RWMC or Dr. Junghans. (*Id.* at ¶ 30). Instead, the MTAs allowed Dr. Junghans and his peers, including Defendant Steven C. Katz, M.D. ("Dr. Katz"),[1] to conduct experiments with the Research Materials, producing potential therapeutic agents ("Research Products"). (*Id.* at ¶¶ 2, 4, 5). The MTAs did, however, contain numerous restrictions on the use of the Research Material and rights regarding any Research Products created by the Defendants. (*See generally* TAC at ¶¶ 32-65). For example, the MTAs required that Immunomedics be given the right of first refusal as to any licensing of the Research Products (the "Right of First Refusal"). (*Id.* at ¶¶ 39, 50, 62). Discovery in the Underlying Action has confirmed that Defendants breached numerous contractual provisions in the MTAs, infringed numerous patents, and that Dr. Junghans and Dr. Katz illegally schemed to profit from the Research Materials and/or Research Products. (*See generally id.*).

Specifically, Dr. Junghans, along with several other individuals, created two shell companies to serve as repositories for the Research Materials and/or Research Products. (*Id.* at ¶¶ 104-112). The first shell company created by Dr. Junghans was CARgenix Holdings LLC ("CARgenix"). (*Id.* at ¶¶ 24, 107). CARgenix's principal place of business has been the same principal place of business for both Sorrento and TNK. (*Compare* Ex. 2, *with* Exs. 3 and 4). Moreover, Henry Ji was previously listed as the "Manager" of CARgenix, and Mr. Ji is also the Chief Executive Officer of both Sorrento and TNK. (*Compare* Ex. 2, *with* Exs. 3 and 4). The

---

[1] Dr. Junghans, Dr. Katz, and RWMC are the defendants in the Underlying Action and hereinafter referred to collectively as "Defendants."

1  second company created was BDL Products, Inc. ("BDL"). (TAC at ¶ 25). Dr. Junghans is the
2  President, Treasurer, Secretary, Vice President, Assistant Secretary, and Director of BDL. (*Id.*).
3  Dr. Junghans transferred the Research Material and/or Research Products to CARgenix and BDL.
4  (*Id.* at ¶¶ 109, 111).

5  After the Research Material and/or Research Products were transferred to those shell
6  companies, Sorrento and its wholly-owned subsidiary, TNK, entered into several transactions
7  with CARgenix and BDL, all of which occurred on August 7, 2015:

8      1. TNK and Sorrento entered into a Membership Interest Purchase Agreement (the "Membership Interest Purchase Agreement") with CARgenix and the members of CARgenix (the "Members") pursuant to which the Members sold all of their membership interests in CARgenix to TNK for: (1) a cash payment of $100.00 and (2) $6.0 million in shares of TNK Class A common stock (the "CARgenix Transaction");

    2. TNK and Sorrento entered into a Stock Purchase Agreement (the "Stock Purchase Agreement") with BDL and the stockholders of BDL ("Stockholders") pursuant to which the Stockholders sold all of their shares of capital stock in BDL to TNK for (1) a cash payment of $100.00 and (2) $6.0 million in shares of TNK Class A common stock (the "BDL Transaction"); and

    3. TNK agreed to indemnify Defendants in connection with any claims brought by Immunomedics ("Indemnity Agreements").

16  (*See* Exs. 5-7). Mr. Jeffrey T. Hartlin, Esq., of Paul Hastings' office in Palo Alto, California, is
17  listed as counsel for Sorrento and TNK in the CARgenix Transaction, BDL Transaction, and
18  Indemnity Agreements. (*See* Ex. 6 at 37; Ex. 7 at 45).

19  Sorrento, TNK, and, in turn, their counsel Paul Hastings were each aware of
20  Immunomedics' contractual rights in the Research Materials. Instead of honoring the MTAs,
21  however, the Defendants and Sorrento chose to knowingly breach them. Section 3.14 of the
22  Stock Purchase Agreement, for example, expressly contemplated the sale of all "rights, title and
23  interest in and to any rights to 'Research Products' (as defined in the 1993 IM MTA...)," and
24  defined the 1993 IM MTA as the "Material Transfer Agreement between New England
25  Deaconess Hospital and Immunomedics, Inc. of September 17, 1993." (*See* Ex. 7 at § 3.14). In
26  addition, Section 3.14 of the Stock Purchase Agreement also required that Dr. Junghans "seek the
27  issuance of waivers or declination of licensing and other rights by (A) Immunomedics, Inc. under
28  the 1993 IM MTA." (*Id.*). None of the parties to the CARgenix Transaction or BDL Transaction

sought the issuance of waivers or declination of licensing and other rights by Immunomedics, as required by the Right of First Refusal. (TAC at ¶ 113).

As a result, Immunomedics has asserted in the Underlying Action, among other claims, breach of contract claims against RWMC and Dr. Junghans, conversion and unjust enrichment against RWMC, Dr. Katz, and Dr. Junghans, and tortious interference against Dr. Katz. (*See generally id.*). BDL, CARgenix, Sorrento, and TNK were added as Defendants to the Underlying Action on October 12, 2016 once the scheme and transactions were revealed in discovery, but were dismissed from the TAC without prejudice on January 24, 2017 due to lack of personal jurisdiction. (*See* Underlying Action, D.E. 131, 132). Litigators primarily from Paul Hastings' office in New York, New York represented Sorrento and TNK, as well as BDL and CARgenix in connection with their joint motion to dismiss the TAC and in a settlement conference before the Court. (*See, e.g.*, Underlying Action, D.E. 102, 112).

### B. The Discovery at Issue

On October 20, 2017, Immunomedics issued the Documents Subpoena, requesting non-attorney-client privileged documents and communications related to, *inter alia*, the formation of BDL and CARgenix, the BDL and CARgenix Transactions, the Indemnity Agreements, Dr. Junghans, Dr. Katz, and RWMC. (*See* Ex. 9). On the same day, Immunomedics issued the Deposition Subpoena for a Paul Hastings designee (presumably, its main deal lawyer, Mr. Hartlin), to testify about these same topics. (*See* Ex. 8). The Subpoenas were personally served on October 23, 2017. (*See* Exs. 10, 11).

In its November 6, 2017 response to the Documents Subpoena, Paul Hastings refused to search for or produce any documents in response to any request. (*See* Ex. 12). With respect to each of the document requests, Paul Hastings lodged essentially the same laundry list of objections, ranging from privilege (including attorney-client, attorney work product, common interest, and "any other applicable privilege, law or rule") to undue burden (without even having conducted a search) to relevancy. (*See, e.g., id.* at 5 (Response to Request No. 1)). On these and other grounds, Paul Hastings refused to produce any documents in response to any of

EAST\149074564.4   PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL; MEMO OF POINTS AND AUTHORITIES IN SUPPORT

Immunomedics' requests.[2]

In an effort to resolve this matter, counsel for Immunomedics and Paul Hastings met and conferred regarding the scope of Immunomedics' requests and Paul Hastings' production. Immunomedics, whose requests were already limited to a two-year timeframe, additionally agreed to carve out from its requests communications solely between Paul Hastings and its client, Sorrento. (*See* Marino Decl., ¶ __). Immunomedics confirmed it was seeking only non-attorney-client privileged documents and communications relating to the Stock Purchase Agreement, the Membership Interest Purchase Agreement, the Indemnity Agreements, and the formation of TNK, BDL, and CARgenix. (*Id.*, at ¶ __). Paul Hastings informed Immunomedics that it would produce documents on November 21, 2017. (*Id.*, ¶ __). On November 10, 2017, counsel for Immunomedics wrote to Paul Hastings to confirm the parties' agreement, and also inquired into scheduling the deposition of a Paul Hastings designee pursuant to the Deposition Subpoena. (*See* Ex. 23.) On November 16, 2017, however, Paul Hastings issued a seven-page letter in which it completely reneged on its prior agreement. (*See* Ex. 24).

Paul Hastings' objections at this juncture can be distilled to two basic arguments: (1)

---

[2] Presumably at the direction of its client Sorrento (which has indemnification obligations to the Defendants and several non-parties in the Underlying Action), Sorrento and Paul Hastings have stonewalled discovery at every possible turn.

First, Immunomedics served Sorrento and TNK with non-party documents subpoenas. Paul Hastings, which continues to represent Sorrento and TNK, interposed blanket objections to each and every request in those subpoenas. (*See* Exs. 14-17). As a result, Immunomedics was forced to incur costs and file motions to compel in the Southern District of California, after which Sorrento and TNK (and their counsel) finally agreed to provide a modest but still-incomplete production of documents. *See In re Subpoena on Sorrento Therapeutics, Inc.*, Case No. 3:16-cv-01531-BAS-KSC and Case No. 3:17-cv-01039-AJB-BLM; *In re Subpoena on TNK Therapeutics, Inc.*, Case No. 3:16-cv-01527-BAS-KSC. Sorrento is now refusing to supplement these incomplete productions, and Immunomedics is concurrently moving to compel (again) in the Southern District of California.

Second, Paul Hastings represents non-parties Guggenheim Securities, LLC, and PJT Partners Inc., both of which Immunomedics has also served with subpoenas for documents. On behalf of these entities, Paul Hastings served the same boilerplate objections and refused to produce any responsive documents. (*See* Exs. 18, 19). Immunomedics was forced to file motions to compel, after which the non-parties immediately agreed to produce documents. *See Immunomedics, Inc. v. Guggenheim Securities, LLC*, Case No. 1:16-cv-11147 (N.D.Ill); *See Immunomedics, Inc. v. PJT Partners, Inc.*, Case No. 1:16-mc-00447-P1 (S.D.N.Y.).

Third, Paul Hastings also represented two non-party individuals and currently represents an additional non-party individual who Immunomedics has served with documents subpoenas. On behalf of these three individuals, Paul Hastings again served the same boilerplate objections and refused to produce any responsive documents. (*See* Exs. 20-22).

Immunomedics had informally agreed to limit the scope of similar requests served on other non-parties (Request Nos. 4, 5, 9, 12); and (2) that Immunomedics' requests are too broad, irrelevant, and/or the documents requested may be obtained from other parties or non-parties (Request Nos. 1-4, 6-8, 10, 11, 13, 15). (*Id.*) Paul Hastings did not respond to or even acknowledge Immunomedics' request to schedule a deposition. (*Id.*) As explained below, these objections do not warrant a wholesale refusal to comply with the Subpoenas.

The parties were unable to resolve their dispute as of the filing of this motion.

### III. ARGUMENT

#### A. This Court Should Transfer this Motion to the District of New Jersey Pursuant to FRCP 45(f).

Federal Rule of Civil Procedure 45(f) states that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Although Paul Hastings has appeared before Judge Mannion in the District of New Jersey, it rejected Immunomedics' request to have this dispute heard in that court. This is not surprising because consenting to have the motion heard by a Court familiar with the Underlying Action would be inconsistent with Sorrento's mission to conceal or at least day the provision of relevant discovery to Immunomedics. Even so, this Court may still transfer this dispute upon a finding of exceptional circumstances, which are present here.

The Advisory Committee Notes to the 2013 Amendment to Rule 45(f) provide the following guidance as to what constitutes "exceptional circumstances":

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion. Judges in compliance districts may find it helpful to consult with the judge in the issuing court presiding over the underlying case while addressing subpoena-related motions.

Moreover, "[c]ourts have also considered a number of factors relating to the underlying litigation including . . . 'the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation.'" *E4 Strategic Solutions, Inc. v. Pebble Ltd. P'Ship*, 2015 WL 12746706, at *3 (C.D. Cal. Oct. 23, 2015) (quoting *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)). The decision "whether to transfer a subpoena-related motion is committed to the discretion of the court where compliance is required." *Youtoo Techs., LLC v. Twitter, Inc.*, 2017 WL 431751, at *1 (N.D. Cal. Feb. 1, 2017).

"Exceptional circumstances" exist here to warrant transferring this motion to the District of New Jersey. Magistrate Judge Mannion is in the best position to address the substantive issues raised in this Motion. He has been assigned to the Underlying Action since March 16, 2016 (Underlying Action, D.E. 23) and, in addition to being familiar with the claims in the Third Amended Complaint, has specific knowledge of the issued raised in this motion as they relate to the BDL Transaction, CARgenix Transaction, and the Indemnity Agreements. Indeed, Magistrate Judge Mannion presided over a settlement conference on October 10, 2017, in which these very transactions were a centerpiece of Immunomedics' positions. Given its indemnification obligations to the Defendants, Paul Hastings attended the conference on behalf of Sorrento and TNK, and Judge Mannion is therefore also familiar with the significant role Paul Hastings played—and continues to play—in the Underlying Litigation.

Furthermore, resolution of this Motion will impact the discovery schedule set in Underlying Action. The current fact discovery cutoff date in the Underlying Action is December 15, 2017. (*Id.*, D.E. 160, ¶ 2). Immunomedics has sought an extension of that deadline primarily to compel non-parties, such as Paul Hastings, to comply with valid subpoenas. Magistrate Judge Mannion is in the best position to conduct this oversight in accordance with his own orders, which also weighs in favor of finding "exceptional circumstances." *See F.T.C. v. A± Fin. Ctr.*, 2013 WL 6388539, at *3 (S.D. Ohio Dec. 6, 2013) (finding "persuasive" that "District Courts may transfer motions related to subpoenas to the courts overseeing the underlying litigation where warranted due to, inter alia, *the interests of judicial economy*") (emphasis added); *see also Wultz v*

*Bank of China, Ltd*, 304 F.R.D. 38, 46 (D.D.C. 2014) ("Due to the highly complex and intricate nature of the underlying litigation, Judge Scheindlin [of the issuing district court] is in a better position to rule on the intervenors' motion to quash or modify the subpoena due to her familiarity with the full scope of issues involved *as well as any implications the resolution of the motion will have on the underlying litigation.*") (emphasis added).[3]

### B. In the Event this Court Does Not Transfer this Motion, it Should Order Compliance by Paul Hastings with the Subpoenas.

Rule 45 of the Federal Rules of Civil Procedure governs discovery of non-parties by subpoena. The "scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules." *Del Campo v. Kennedy*, 236 F.R.D. 454, 457 (N.D. Cal. 2006) (quoting Rule 45 advisory committee notes). The proper scope of discovery is as specified in Rule 26(b). (*Id.* (citing *Heat & Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017 (Fed. Cir. 1986) ("Rule 45(b)(1) must be read in light of Rule 26(b)") and *Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (applying both Rule 26 and Rule 45 standards to rule on a motion to quash subpoena)). Rule 26(b), in turn, provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Critically, "[a] District Court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder. Where relevance is in doubt… the court should be permissive." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 681 (N. D. Cal. 2006) (quoting *Truswal Sys. Corp. v. Hydro-Air Engineering, Inc.*, 813 F.2d 1206, 1210 (Fed. Cir. 1987).)

### 1. Paul Hastings Should be Ordered to Produce Non-Privileged Documents Responsive to Immunomedics' Documents Subpoena.

---

[3] As noted above, Immunomedics intends to file or has filed motions to compel against two of Paul Hastings' other clients: Sorrento and a former colleague of Dr. Junghans and current employee of Sorrento, both in the Southern District of California. Immunomedics will similarly seek for those two motions to be transferred to Magistrate Judge Mannion, so that he may enforce a schedule for the provision of the remaining outstanding discovery in the Underlying Action.

The Documents Subpoena includes the following requests:

1. All non-privileged documents and communications related to the formation of TNK.
2. All non-privileged documents and communications related to the formation of CARgenix.
3. All non-privileged documents and communications related to the sale of CARgenix.
4. All non-privileged documents and communications related to the formation of BDL.
5. All non-privileged documents and communications related to the sale of BDL.
6. All non-privileged documents and communications related to the Stock Purchase Agreement.
7. All non-privileged documents and communications related to the Membership Interest Purchase Agreement.
8. All non-privileged documents and communications related to the Indemnity Agreements.
9. All non-privileged documents and communications related to Dr. Junghans.
10. All non-privileged documents and communications related to Dr. Katz.
11. All non-privileged documents and communications related to RWMC.
12. All non-privileged documents and communications related to Immunomedics.
13. All non-privileged documents and communications relating to the $6,000,000 "Base Price" consideration in the Stock Purchase Agreement and Membership Interest Purchase Agreement, including, but not limited to, valuations or due diligence.
14. All non-privileged documents and communications relating to the negotiation, formation, and interpretation of Section 3.14(a) of the Stock Purchase Agreement.
15. All communications between [Paul Hastings] and analysts, consultants, shareholders, and potential shareholders regarding TNK, BDL, or CARgenix.

16. All communications and documents relating to any claim for indemnification pursuant to the Indemnity Agreements, from August 7, 2015 to the present.

(See Ex. 9.) However, rather than produce these responsive documents, Paul Hastings served boilerplate objections that are essentially identical for each request. These are reproduced in full in Exhibit 12 to the ____ Declaration. Because each objection is identical, and for purposes of economy, only the response to Request No. 1 is included below:[4]

**Request No. 1**

All non-privileged documents and communications related to the formation of TNK.

**Response to Request No. 1**

In addition to its General Responses and Objections, which are incorporated by reference herein, Paul Hastings objects to this Request to the extent it purports to seek production of electronically stored information, where producing such information is unduly burdensome and costly to nonparty Paul Hastings. Paul Hastings further objects to this Request to the extent it seeks documents outside the scope of discovery permitted by the Federal Rules of Civil Procedure including irrelevant information concerning Paul Hastings and its confidential research and assets that are not relevant to the claims or defenses of the parties in the underlying litigation. Paul Hastings further objects to this request to the extent the burden or expense of the proposed discovery it seeks outweighs its likely benefit and to the extent it seeks to place an undue burden and expense on a nonparty to produce documents that are not germane to the pleadings and/or that are not proportional to the needs of the case.

Paul Hastings further objects to this Request on the grounds that it is not limited in time. Paul Hastings objects to this Request to the extent it seeks the production of documents or materials protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege, law or rule. Paul Hastings further objects to this Request to the extent that it purports to call for the production of documents that contain or reflect confidential, proprietary, and/or trade secret information. Paul Hastings further objects to this Request to the extent that it seeks documents and things that are not in Paul Hastings's possession, custody, or control.

First, such boilerplate objections to targeted requests for documents are an insufficient basis to refuse to produce documents. *See, e.g., Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005); *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are

---

[4] Paul Hastings' objections to Request Nos. 2-16 include the additional statement that Paul Hastings "further objects to the Subpoena to the extent it seeks documents that contain or reflect the confidential, proprietary, and/or trade secret information of other nonparties, or that affect others' privacy rights." (*See id.*)

inadequate and tantamount to not making any objection at all.").

Second, the documents requested are plainly relevant to the Underlying Action and squarely within the scope of Federal Rule 26(b). As explained above, Paul Hastings played an integral role in negotiating the transactions through which Immunomedics' property was misappropriated and in structuring those transactions in such a way as to conceal its true purpose and value, including, but not limited to, the key indemnity agreements that facilitated the misappropriation of Immunomedics' property. As such, there is no basis for Paul Hastings to resist production of responsive, non-attorney-client privileged documents, including, *inter alia*, relevant communications it had with any non-parties and internal communications describing the negotiations. *Micron Tech., Inc. v. Tessara, Inc.*, No. C06-80093 MISC. JW (HRL), 2006 WL 1646132, at *1 (N.D. Cal. June 14, 2006) ("[T]he Federal Rules set out a broad relevancy standard . . . ."); *Gonzales*, 234 F.R.D. at 680 (N.D. Cal. 2006) (noting that relevancy rules are "liberally construed").

Third, Paul Hastings' claim that the discovery Immunomedics seeks is too broad and unduly burdensome is unconvincing in light of the targeted categories of documents sought, the few custodians from whom Paul Hastings would have to retrieve responsive documents (i.e., Mr. Hartlin and the two associates who assisted him), and the limited two-year timeframe to which the discovery requests relate. Specifically, Immunomedics requested that Paul Hastings conduct a reasonable search for and produce non-attorney-client privileged documents and communications relating to the Stock Purchase Agreement, the Membership Interest Purchase Agreement, the Indemnity Agreements and the formation of TNK, BDL, and CARgenix. Moreover, Immunomedics has requested that Paul Hastings only place on a privilege log those documents and communications purportedly protected by the non-attorney-client common interest privilege, as opposed to communications with its client, Sorrento (which Paul Hastings is otherwise obligated to do). None of these requests are out of the ordinary, let alone burdensome.

To this end, in view of the clear relevance of the information sought, it is Paul Hastings that must show why Immunomedics' requests would cause undue burden. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472–73 (9th Cir.1992) (holding that "[b]road allegations of

harm, unsubstantiated by specific examples or articulated reasoning" are insufficient under Rule 26). By agreeing on November 9, 2017 to conduct the requested searches, Paul Hastings implicitly acknowledged the lack of any undue burden. Paul Hastings' about-face a week later does not explain what undue burden Paul Hastings faces. It does not include proposed search terms, it does not include document hit counts, and it does not provide estimated costs. To date, Paul Hastings has not provided anything at all to demonstrate its alleged burden in responding to Immunomedics' requests. Because Paul Hastings has not made any showing of "burden," its objection on this basis should be rejected.

Fourth, this Court should reject Paul Hastings' contention that it is somehow relieved of its obligation to produce responsive documents because Immunomedics may have asked other non-parties for certain documents and communications via other discovery methods and sources. Simply put, this is not a valid basis to resist discovery; Paul Hastings is likely to have copies or records of communications that other parties and non-parties do not possess.

For example, while it is true that Immunomedics has obtained documents related to the same subject matter through party discovery and non-party discovery, Immunomedics is seeking from Paul Hastings a discrete category of documents not otherwise produced. To illustrate, to the extent a Paul Hastings attorney communicated directly with counsel for a counterparty to any of the agreements that took place on August 7, 2015, those communications reside solely in Paul Hastings' files. The same is true for Paul Hastings' relevant internal documents and communications. Thus, while Paul Hastings has claimed that the discovery sought from Paul Hastings is duplicative of discovery sought from Sorrento and TNK, that argument is belied by the simple fact that neither Sorrento nor TNK produced any emails to or from a Paul Hastings attorney. Nor could they, if neither entity was copied on those communications. The repository of files at issue in Immunomedics' prior subpoenas to Sorrento and TNK is therefore inapposite to the repository of files at issue in the Documents Subpoena.

But even if there were some overlap between the requests in the Documents Subpoena and other discovery conducted by Immunomedics, production is still required. *Micron Tech.*, 2006 WL 1646132, at *1 (compelling non-party production even where plaintiff acknowledged that

-13-

some of the documents could be obtained from defendants); *Realtime Data, LLC v. MetroPCS Tex., LLC*, No. C 12-80130 LHK (PSG), 2012 WL 3727304, at *2 (N.D. Cal. Aug. 28, 2012) (granting in part plaintiff's motion to compel third party to comply with third party deposition/records subpoena even though plaintiff had "not demonstrated exactly what additional documents it require[d] beyond those it [had] secured or should have secured from [defendant]"); *LG Display Co., Ltd. v. Chi Mei Optroelectronics Corp.*, Civil No. 08cv2408-L (POR), 2009 WL 223585, at *3 (S.D. Cal. Jan. 28, 2009) (compelling non-party production of documents despite the argument that documents sought by the plaintiff's subpoena were duplicative of documents "readily attainable from the defendants in the underlying matter"). This is especially so where, here, there is substantial evidence that other parties have failed to preserve, collect, and produce relevant documents. (*See* Underlying Action, D.E. 170) (joint letter to Magistrate Judge Mannion concerning Junghans dispute).)

Finally, to the extent Paul Hastings claims it is withholding trade secrets, it may not simply assert a boilerplate objection, but rather bears the burden of identifying what information being withheld constitutes a trade secret. *Gonzales, Inc.*, 234 F.R.D. at 684-87. Similarly, courts routinely overrule objections on confidentiality grounds where, as here, a protective order is in place. *See, e.g., Am. Broad. Cos., Inc. v. Aereo, Inc.*, No. CV-12-80300-RMW, 2013 WL 1508894, at *3 (N.D. Cal. Apr. 10, 2013) (ordering production where party failed to demonstrate how protective order was insufficient to protect its confidential information); *Gonzales*, 234 F.R.D. at 684-87; *see* Underlying Action at D.E. __ (protective order).

### 2. Paul Hastings Should Identify and Produce an Appropriate Designee for Deposition.

Paul Hastings' apparent refusal to designate a witness for deposition (and to schedule a deposition) is improper. The topics on which Immunomedics seeks to question Paul Hastings are germane to key issues in the Underlying Action, and Paul Hastings lacks any cognizable legal basis to avoid deposition for the reasons discussed above—nor has it articulated any.

## IV. CONCLUSION

For the forgoing reasons, Immunomedics respectfully requests that this Court transfer this

-14-

motion to the District of New Jersey. Alternatively, Immunomedics respectfully requests that this Court (i) compel Paul Hastings to produce documents responsive to the Documents Subpoena and a privilege log describing all responsive documents withheld on account of privilege; (ii) compel Paul Hastings to provide Immunomedics with dates in January 2018 when its designee(s) are available to testify in accordance with the topics listed in the Deposition Subpoena; and (iii) award Immunomedics reasonable costs, including attorneys' fees, and such other relief the Court deems just and appropriate.

Dated: December 5, 2017

Respectfully submitted,

**DLA PIPER LLP (US)**

By: */s/ Gina Durham*
Gina Durham
Attorneys for Plaintiff Immunomedics, Inc.